## JOSEPH MORRILL *vs.* THE TOWN OF DEERING.

*In an action against a town, for damages happening through a defect in a bridge, the town is bound to repair, it is not necessary to allege, or prove, that the town had notice of the defect.*

CASE, for an injury done to the plaintiff's horse, by falling through a defective bridge, in Deering.

The cause was tried here at October term, 1823, upon the general issue ; when it appeared in evidence, that the horse was ruined by his foot falling in between two stones in the bridge ; and the town offered to prove, that the defect in the bridge was at the time of so recent a date, that no person in the town had any notice of it ; but the court being of opinion, that the town was answerable, whether the defect was known or not, rejected the testimony ; and the jury returned a verdict for the plaintiff.

The defendants moved for a new trial, on the ground, that the evidence rejected ought to have been received.

*Noyes,* for the plaintiff.

*Brown* and *Atherton,* for the defendants.

RICHARDSON, C. J. The question to be decided in this case is whether an action can be maintained against a town, to recover damages for an injury sustained by reason of a hidden defect in a highway, which the town is bound to keep in repair ?

At common law, no action could be maintained for an injury happening through the defect of a highway. 9 *Mass. Rep.* 247, *Mower vs. Leicester.*—17 *John.* 439, *Bartlett vs. Crosier.*—15 *ditto* 250.—6 *ditto* 90.

Our statute of February 27, 1786, sec. 4, enacts, " that " in case any special damage shall happen to any person or " persons, or to his or their teams or carriages, by means of " the insufficiency, or want of repairs of any highways or " bridges in any town or parish within this state, the party " aggrieved shall recover his or their damage, in an action " against such town or parish. And the said town or parish " shall have a remedy over against any surveyor or survey- " ors, through whose fault or neglect the same happened." 1 *N. H. Laws* 389.

We are of opinion, that under this statute, towns are liable for injuries happening through defects of highways, whether the defects be previously known to exist or not. Such is the plain letter of the statute, from which there seems to be no reason why we should depart. It is true, that the surveyors of highways are made answerable to the town, only in case of their fault or neglect. But however reasonable it may seem to confine the remedy against the surveyors to cases of their neglect or fault, sound policy may have required, that the towns should be liable without notice.

In Massachusetts, towns are made liable in a case of this kind to pay double damages; but they must have reasonable notice of the defect. *Statute of 1786, cap. 81, sec. 7.—1 Mass. Rep. 153, Lobdell vs. New-Bedford.* All this is, however, by statute.

In an action upon the case, for not repairing a fence between the lands of the plaintiff and defendant, whereby the plaintiff's cattle escaped, it seems not to be necessary to allege, that the defendant had notice of the defect in the fence. See the form of the declaration, 2 *Chitty's Pl.* 348.

So, in case against one for not repairing a water-course, which he was bound to repair, it seems not to be necessary to allege, that the defendant had notice that the water-course wanted repairs. 2 *Chitty's Pl.* 340.

In the case of *Lord vs. The Fifth Massachusetts Turnpike Corporation,* (16 *Mass. Rep.* 106,) the plaintiff brought case against the defendants for damages arising from the loss of a horse, by means of a defect in the turnpike road. The liability of the corporation seems, from the report of the case, to have been the same as that of a town here. The defence was, that the road was in the same state when the accident happened, as when it was originally made and approved by the committee appointed in pursuance of the act of incorporation to examine it. But this was held to be no defence.

We are, therefore, of opinion, that there must be judgment on the verdict.

*Judgment for the plaintiff.*